UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JENNIFER ANNE HARPER,

        Plaintiff,

        v.

K CHRISTOPHER FARKAS, *et al.*,

        Defendants.

NO. CV 18-10436-DDP (AGR)

ORDER TO SHOW CAUSE WHY
THE COMPLAINT SHOULD NOT
BE DISMISSED

On December 17, 2018, Plaintiff filed a civil rights complaint against numerous defendants. For the reasons set forth below, the Court orders Plaintiff to show cause in writing, on or before ***February 4, 2019***, why this Court should not recommend dismissal.

# I.

## FACTUAL ALLEGATIONS

### A. Complaint

Plaintiff is a party to a family court proceeding in New Jersey in which she lost (1) legal and physical custody of four children; and (2) "millions of dollars" in support payments, community property interests and personal property. (Compl. ¶ 25, 30.)

According to the complaint, the family court awarded Defendant Farkas physical custody of their four children rather than place them in foster care. (*Id.* 25.) The rulings were the result of "fabricated hearsay allegations never properly entered as evidence in a hearing." (*Id.*) Farkas used "'Stockholm Syndrome' tactics to induce Plaintiff's children to fabricate evidence" and "testify falsely to governmental officials." (*Id.* 33, 38.)

Plaintiff alleges she was destroyed emotionally and financially, and essentially "starve[d] . . . into submission" to execute a "Marital Settlement Agreement" that was "fraudulently prepared and presented" and "relegated" Plaintiff to "a monthly support check that was not consistent to what Plaintiff should have been paid if Defendant Farkas (in complicity with Defendant Curtiss/Wright Corporation) had not fabricated his finances and income to Plaintiff and to the court." (*Id.* 28, 42.)

The complaint contains five claims for (1) conspiracy to violate constitutional rights; (2) conspiracy to interfere with civil rights; (3) conspiracy to alienate Plaintiff from her children; (4) conspiracy to compel Plaintiff to enter into the Marital Settlement Agreement; and (5) conspiracy to defraud Plaintiff by concealing and falsifying the official records of Curtiss-Wright Corporation.

The complaint seeks monetary relief and prospective injunctive relief, including injunctions preventing Defendants from enforcing the Marital Settlement Agreement, continuing to make negative and disparaging comments about

Plaintiff, and fabricating and falsifying evidence relating to Plaintiff's role as mother.

**B.** **Judicial Notice of Family Court Proceedings in State Court in New Jersey**

Pursuant to Fed. R. Evid. 201,[1] the Court takes judicial notice that Plaintiff filed, in the Central District of California, a Notice of Removal of an action in the Superior Court of New Jersey, Chancery Division-Family Part, Morris County. *Farkas v. Harper*, CV 18-10477 DSF (JCx) ("*Harper II*"). The Notice of Removal attaches a Notice of Motion in the New Jersey state court. (*Harper II*, Dkt. No. 1 at 7.)[2] A declaration from Mr. Farkas attaches a file-stamped copy of the Judgment of Divorce filed on February 23, 2015 in the Superior Court of New Jersey, Chancery Division-Family Part, and the Marital Settlement Agreement dated February 23, 2015 incorporated in the Judgment. (*Id.* at 18, 23-38.)

The Judgment and Marital Settlement Agreement contain provisions that Plaintiff challenges in her complaint: (1) custody of the children (¶ 1); (2) prohibition on the wife's contact or communication with the children in any form except by further order of the court[3] (¶ 1); (3) support payments to the wife subject to certain termination conditions (¶ 2); (4) distribution of personal property (¶¶ 6-7); (5) distribution of pensions (¶ 9); and (6) jurisdiction of the state court over any subsequently discovered assets (¶ 12(5)(b)). The Agreement also contains a

---

[1] The court may take judicial notice of court filings and matters of public record. *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] Page citations are to the page numbers assigned by CM/ECF in the header.

[3] The Marital Settlement Agreement describes a Final Restraining Order under docket number FV-14-973-13 and further prohibitions on contact between the wife and children under docket number FN-14-129-13. (*Harper II*, Dkt. No. 1 at 23 ¶ 1.) Plaintiff is required to make an application to the court to modify the provisions of FV-973-13 and FN-129-13, as applicable, to contact the children. (*Id.*)

3

release.  (*Id.* ¶ 16.)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

**FOR LACK OF JURISDICTION OR FAILURE TO STATE A CLAIM**

The complaint does not specify which defendants are subject to each count in the complaint.  Nor does the complaint allege what each defendant did or did not do as to each count in the complaint.  The court will address several defects in the complaint.

**A.  Eleventh Amendment Immunity for New Jersey State Entities and**

**Their Employees in an Official Capacity**

Plaintiff sues two New Jersey governmental entities and their employees in an official capacity:  (1) New Jersey Department of Children and Families ("NJDCF"); and (2) New Jersey Department of Child Protection and Permanency[4] and employees Amy Sampson, Lelia Garcia, Courtney Hayes and Sabrina Passucci (collectively "NJDCPP Defendants").  (Compl. ¶¶ 4-5.)  NJDCPP is part of NJDCF.  *Craven*, 647 Fed. Appx. at 73-74.

A suit against a state officer in an official capacity is "another way of pleading an action against [the] entity of which [the] officer is an agent."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted).  "Suits against state officials in their official capacity therefore should be treated as suits against the State."  *Id.*

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states and state agencies are not "persons" subject to civil rights suits under § 1983.  Moreover, the Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  New Jersey has not waived its Eleventh

---

[4]      "Until June 29, 2012, DCPP was known as the Division of Youth and Family Services."  *Craven v. Leach*, 647 Fed. Appx. 72, 74 n.2 (3d Cir. 2016).

Amendment immunity from suit in federal court and Congress did not abrogate the state's immunity in enacting 42 U.S.C. §§ 1983 and 1985.  *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *North East Med. Servs. v. Cal. Dep't of Health Care Servs.*, 712 F.3d 461, 466-67 & n.2 (9th Cir. 2013); *see Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (dismissing claims against New Jersey entities and employees sued in official capacity); *see also Craven*, 647 Fed. Appx. at 75 (same).

The Eleventh Amendment does not bar claims against state officials in an official capacity for prospective injunctive relief to end a continuing violation of federal law, as distinguished from state law.  *See Ex parte Young*, 209 U.S. 123, 155-57 (1908); *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (holding Eleventh Amendment bars claim for prospective injunctive relief under state law).  However, the complaint does not allege (1) facts regarding any specific conduct by any state official; (2) how such conduct by each state official violates any federal law; and (3) any basis for prospective injunctive relief as to any state official named as a defendant.

**B.  *Rooker-Feldman* Doctrine Bars Claims Challenging Outcome of Family Court Proceedings in New Jersey State Court**

Federal district courts are precluded from reviewing the state court orders under the *Rooker-Feldman* doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal [from a state

court judgment], but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). A federal court must decline to exercise jurisdiction over any issues inextricably intertwined with the state court judgment. "[W]e have found claims inextricably intertwined where '"the relief requested in the federal action would effectively reverse the state court decision or void its ruling."'" *Id.* (citation omitted); *see Ismail v. Cnty. of Orange*, 693 Fed. Appx. 507, 510 (9th Cir. 2017) (affirming dismissal of fraud claims against social workers under *Rooker Feldman* doctrine when state court rulings relied in part on social workers' reports and testimony, and fraud claims had already been litigated in state court); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine bars claim when relief sought "would require the district court to determine that the state court's decision was wrong and thus void"); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758 (9th Cir. 2007) (affirming dismissal under *Rooker Feldman* doctrine because federal courts lack jurisdiction to determine whether state proceedings regarding parental rights were valid); *Hucul v. Mathew-Burwell*, 2017 U.S. Dist. LEXIS 16568, *11-*15 (S.D. Cal. Feb. 6, 2017) (finding court lacked jurisdiction over allegations of fraud and conspiracy in state family court proceedings).

Plaintiff seeks an injunction precluding Defendants from enforcing the terms of the Judgment and Marital Settlement Agreement. Such a complaint is barred by the *Rooker-Feldman* doctrine. *MacKay v. Pfeil*, 827 F.2d 540, 543-44 (9th Cir. 1987) (finding complaint seeking to void state court judgment and preclude its enforcement was barred). There is an exception to the *Rooker-Feldman* doctrine when a state court's judgment is based on extrinsic fraud, which is defined as "conduct which prevents a party from presenting his claim in court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Plaintiff does not allege any facts indicating she was prevented from presenting any of her allegations in state court. *Hucul*, 2017 U.S. Dist. LEXIS 16568, *15-*17 (finding complaint failed to

state facts supporting extrinsic fraud exception to *Rooker-Feldman* doctrine in family court proceedings). Moreover, *Rooker-Feldman* bars claims when the allegations of extrinsic fraud were litigated in state court. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859-60 (9th Cir. 2008); *see Ismail*, 693 Fed. Appx. at 510.

## C. Complaint Fails to State a Claim Under 42 U.S.C. § 1983

"To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991).

### 1. Statute of Limitations

Federal courts apply the forum state's personal injury statute of limitations for § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In California, the applicable statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. The statute of limitations starts to run when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. "'Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.'" *Id.* at 391 (citation omitted).

Plaintiff filed the complaint in this court on December 17, 2018, more than two years after the Judgment and Marital Settlement Agreement were filed on February 23, 2015. Plaintiff was aware of her claims no later than the entry of the Judgment and Marital Settlement Agreement that contains the provisions about which she now complains. Thus, Plaintiff's claims appear to be time-barred. The complaint does not allege any specific facts regarding conduct that purportedly took place within two years before the complaint was filed.

## 2. **State Agencies and Official Capacity Claims Against State Employees**

As discussed above, a state or state agency is not a "person" subject to liability under § 1983. *Will*, 491 U.S. at 64-66.

## 3. **Private Actors**

Plaintiff names as defendants several private persons and entities: (1) K. Christopher Farkas; (2) Curtiss-Wright Corporation; and (3) Center for Evaluation and Counseling, Inc. and employees Margaret Pittaluga, Michael J. Flore, Stephanie Kurilla, Rosa Mercado, Tamer Mossad and Melissa A. Ciottone (hereinafter "CEC Defendants").

"The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted). "[P]rivate parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 956 (9th Cir. 2008).

In Counts IV and V, Plaintiff alleges a conspiracy between Farkas and Curtiss-Wright to "conceal and hide his true income and stock bonus compensation from Plaintiff." (Compl. ¶¶ 26, 42, 44-47.) Plaintiff alleges that Farkas boasted he had manipulated the books so as to deceive the auditor. (*Id.* ¶¶ 26, 45.)

Plaintiff's allegations that Curtiss-Wright is publicly traded and "authorized" by the laws of North Carolina are insufficient to establish state action. *Jackson v.*

*Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State"). *See Young v. Cnty. of Haw.*, 578 Fed. Appx. 728, 730 (9th Cir. 2014) (assuming two private individuals conspired to obtain fraudulent power of attorney, subsequent misrepresentation to government is not sufficient to allege conspiracy with government).

Plaintiff alleges that CEC is a "quasi-public agency." (Compl. ¶ 6.) Plaintiff alleges no facts to support this legal conclusion. The court need not accept as true allegations contradicted by matters subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). According to the New Jersey Secretary of State publicly available website, CEC is a nonprofit corporation. (www.njportal.com/DOR/BusinessNameSearch for Center for Evaluation and Counseling). *See King v. County of Los Angeles,* 885 F.3d 548, 555 (9th Cir. 2018) (taking notice of "undisputed and publicly available information displayed on government websites"); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on . . . websites run by governmental agencies.").

The Ninth Circuit recognizes four tests to determine whether a private actor was acting as a state actor for purposes of § 983: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003) (citation omitted). Plaintiff does not allege any facts under any of these tests. A private nonprofit entity does not become a state actor for purposes of § 1983 by receiving state funds and having exemption from state taxes. *See Taylor v. St. Vincent's Hosp.*, 523 F.2d 75, 77 (9th Cir. 1975).

The complaint does not allege facts to support an allegation of conspiracy between any private actor and a state actor. To allege conspiracy in a § 1983

case, a plaintiff must allege "'an agreement or meeting of the minds' to violate constitutional rights." *Id.* (citation omitted). Conclusory allegations of conspiracy, unsupported by facts, are insufficient to allege a conspiracy between a private party and a state actor. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price*, 939 F.2d at 708-09. A complaint must allege "enough factual matter" to support a plausible inference of conspiracy. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The complaint contains only conclusory allegations of conspiracy and fails to allege any facts in support of a meeting of the minds to violate constitutional rights. *Id.* at 555 (complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

### 4. Allegations Against Individual Defendants Other Than Farkas

A complaint must give each defendant "fair notice of each claim and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citation omitted). The complaint must "clearly delineate the claims and the Defendants against whom the claims are made." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008).

The complaint does not provide the individual defendants other than Farkas with adequate notice of the claims against them because it does not allege any particular unlawful conduct as to each defendant. *Harris v. Harris*, 2012 WL 1435680, at *9 (N.D. Cal. Apr. 25, 2012) ("plaintiff's practice of alleging each claim against 'defendants' results in a pleading that is prohibitively vague") (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

### D. Complaint Fails to State a Claim Under 42 U.S.C. § 1985(3)

The caption of the complaint indicates that claims are brought under 42 U.S.C. § 1985. Of the sections under § 1985, only § 1985(3) could be applicable. To state a claim for relief under § 1985(3), Plaintiff must allege facts showing a conspiracy "for the purpose of depriving, either directly or indirectly, any person or

class of persons of the equal protection of the laws."  42 U.S.C. § 1985(3); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  Plaintiff must allege that she is a member of a racial group or a non-racial group "if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'"  *Id.* (citation omitted).

Plaintiff does not allege that she is a member of a racial group or an otherwise protected class, and does not allege any facts indicating that Defendants discriminated against her on those grounds.  Nor does Plaintiff allege any facts in support of an allegation of conspiracy or an act taken in furtherance of such a conspiracy.  Accordingly, PLaintiff fails to state facts in support of a claim under § 1985.  *Id.* at 676-77; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of § 1983 and § 1985(3) claim based on conspiracy to keep wife in poverty and prevent her from effectively prosecuting divorce case); *see also United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 839 (1983) ("group actions generally resting on economic motivations should be deemed beyond the reach of § 1985(3)").

Even assuming Plaintiff could state a claim for relief, claims brought under § 1985 have the same two-year statute of limitations.  *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 674 (1991).  Plaintiff's claims appear to be time-barred for the same reasons explained above in connection with her claims under § 1983.

In addition, as discussed above, a state or state agency is not a "person" subject to liability under § 1985(3).

## E. Absent Federal Question Jurisdiction, the Court Would Not Have Diversity Jurisdiction Under the Domestic Relations Exception

"[T]he domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  The domestic relations exception divests

federal courts of jurisdiction to the extent a complaint relies on diversity jurisdiction. *Atwood v. Fort Peck Tribal Ct. Assiniboine & Sioux Tribes*, 513 F.3d 943, 947 (9th Cir. 2008). Diversity suits for divorce, alimony or child custody decrees fall outside federal jurisdiction. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (finding federal court has no subject matter jurisdiction over suits to "grant a divorce or annulment, determine support payments, or award custody of children").

**III.**

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

**FOR IMPROPER VENUE**

Federal venue law provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The court has authority on its own motion to decide venue and dismiss the action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges that Curtiss-Wright is incorporated and domiciled in North Carolina. (Compl. ¶ 7.) All other defendants are domiciled in New Jersey. (*Id.* ¶¶ 3-6, 8-18.)

Although Plaintiff alleges that the events, transactions and occurrences

that form the basis of her complaint took place in New Jersey and California, the complaint fails to allege any conduct that took place in California. (*Id.* ¶ 22.) The Judgment of divorce was entered by the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, on February 23, 2015 in Docket Number FM-14-1568-13. (*Harper II*, Dkt. No. 1 at 23.) The Marital Settlement Agreement incorporated by reference in the Judgment indicates that Plaintiff was a resident of Connecticut and Farkas was a resident of New Jersey as of February 23, 2015. (*Id.* at 26.) The alleged fabrication of evidence submitted to the court that resulted in the court orders about which Plaintiff complains took place in New Jersey. (Compl. ¶¶ 36, 38, 40, 42, 43-47.) There is no indication in the complaint that any allegedly unlawful conduct took place in California. Thus, venue is improper in this district. *See Costlow*, 790 F.2d at 1488 (finding improper venue in Washington when all defendants resided in Alaska and virtually all activity that formed basis of complaint occurred in Alaska).

Given that venue is improper, dismissal is appropriate. Transfer is available only when it is in the interest of justice. *Id.* The interests of justice do not warrant transfer in this case. Plaintiff has not stated a federal claim for the reasons set forth above. Based on the Judgment of divorce and the Marital Settlement Agreement, there are proceedings in the New Jersey state court in which Plaintiff can file appropriate applications for relief regarding the issues she raises in her complaint, including custody, communication with her children, support, personal property and undisclosed property.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that on or before ***February 4, 2019,*** Plaintiff shall show cause in writing why this court should not recommend dismissal. **If Plaintiff fails to respond to this order to show cause by February 4, 2019, then the court may recommend dismissal.**

DATED: January 3, 2019

*alicia G. Rosenberg*
_____
ALICIA G. ROSENBERG
United States Magistrate Judge